THOS. H. ELLIS ET AL. *v.* SYLVESTER JOHNSON.

[Abstract Kentucky Law Reporter, Vol. 4—614.]

**Sale of Remainder Interests in Property.**

The remainder interests of devisees in an estate can not be subjected until the coercive process of the law has been exhausted as to the surviving partner and the executor of the testator.

**Jurisdiction Over the Person.**

No judgment can be entered in equity against parties until after summons has been executed for the time required by law. In the absence of notice or voluntary appearance the court has no jurisdiction over such parties.

APPEAL FROM NELSON CIRCUIT COURT.

January 6, 1883.

OPINION BY JUDGE PRYOR:

The remainder interest of the devisees, or whatever interest they had in the estate, ought not to have been subjected until the coercive process of the law had been exhausted as to the surviving partner and the executor. It is left to the officer executing the

writ to determine the extent of their liability and to proceed to execution, when this process should have been reserved by the chancellor. Nor do we see how the judgment could have been rendered against these beneficiaries, as the case was in equity until the summons had been executed on all of the parties for the time required by law. Some of them are infants, and they are not before the court on this appeal. The case was prematurely heard as to all but Thos. H. Ellis and his mother, but no motion having been made to set aside the judgment as to these appellants, and for the additional reason that they have not brought the infants before the court either as appellants or appellees, their appeal must be dismissed.

As to the widow of Benjamin Ellis she has no interest in the controversy. Her dower or right to dower is not affected by the judgment rendered. The appellee was entitled to a judgment at law as against Thos. H. Ellis as surviving partner and as the executor of his father. The motion made by Mrs. Ellis to set aside the judgment can not affect the rights of the other appellants or aid them in their appeal. Her motion was made that she might answer, and to prevent the judgment from affecting other creditors. The appeal is dismissed without prejudice as to all the appellants but Thos. H. Ellis, and as to him the judgment is *affirmed.*

*Muir & Wickliffe, for appellants.*

*Wm. Johnson, for appellee.*